## A92A1153. STEPHENSON v. THE STATE.
### (424 SE2d 816)

BEASLEY, Judge.

Stephenson's sole challenge to his conviction for trafficking in cocaine, OCGA § 16-13-31, is that court-appointed trial counsel was constitutionally deficient under state and federal standards.

Only the Sixth Amendment right was invoked and ruled on below, so the benefit of counsel guaranteed by the state constitution, 1983 Ga. Const., Art. I, Sec. I, Par. XIV, is not before us. *White v. State,* 174 Ga. App. 699, 701 (3) (331 SE2d 72) (1985). In addition, appellant makes no independent argument regarding the state constitution and cites no state authority. He relies exclusively on federal cases' construction and application of the Sixth Amendment. We will not undertake an independent review of state standards sua sponte.

Stephenson asserts ineffectiveness in that counsel did not permit him to testify, depriving him of his Fourteenth Amendment federal constitutional right to do so. His assertion lacks validity under the facts. The constitution does not require counsel to call a criminal defendant to testify when counsel knows defendant will commit perjury. *Nix v. Whiteside,* 475 U. S. 157 (106 SC 988, 89 LE2d 123) (1986). The right to testify on one's own behalf does not include the right to lie. *Harris v. New York,* 401 U. S. 222, 225 (91 SC 643, 28 LE2d 1) (1971).

On November 7, 1990, at approximately 1:30 a.m., a car driven by Mitchell was stopped for a traffic violation on I-75 in Bibb County. Stephenson appeared to be asleep in the back seat. Mitchell stated they were driving to Alaska and had no drugs or weapons, and he gave consent to search. Stephenson stated that he owned the car and also consented to its search. Two plastic baggies of cocaine were found inside a pair of cowboy boots in the car's trunk.

Mitchell, for the State, testified at trial that Stephenson had obtained $20,000 in Seattle and purchased the cocaine in Miami. Mitchell had pled guilty to possession with intent to distribute. Stephenson did not testify.

At the hearing on the amended motion for a new trial, Stephenson's trial counsel testified that Stephenson had told her that he had "big connections" and that the cocaine was his. Nevertheless, he told her he wanted to testify so he could call Mitchell a liar and say that the cocaine belonged to Mitchell. She could not dissuade him. There was other incriminating evidence against him besides Mitchell's testi-

mony, and she advised Stephenson not to go to trial. He agreed to enter a plea of guilty but changed his mind just before trial and wanted different counsel. His counsel sought a continuance for this purpose, but the court denied it as well as new counsel, when it was explained that the reason was that Stephenson wanted to testify falsely. Counsel did not call Stephenson at trial, because she believed he would commit perjury.

Stephenson, on the other hand, denied any confession of guilt to trial counsel. When asked if he had testified and if he had wanted to testify, Stephenson responded, "I did not testify and I thought I was going to testify; therefore, I must have wanted to testify." He stated that his lawyer "advised" him not to testify, and that she told him he "shouldn't" testify. He related that had he testified, he would have stated that the cocaine was Mitchell's and that he knew nothing about it.

" 'Under the *Strickland* [*v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984)] formula, defendants seeking to show that their counsel was ineffective must show: 1) their counsel's performance was deficient and 2) that the deficient performance prejudiced the defense. (Id.) at 687.' [Cit.]" *Griffin v. State*, 199 Ga. App. 646, 647 (2) (405 SE2d 877) (1991). As did the U. S. Supreme Court in *Nix*, supra at 166, "[w]e must determine whether . . . [counsel's] conduct fell within the wide range of professional responses to threatened client perjury acceptable under the Sixth Amendment."

In *Nix*, supra, the defendant related to his attorney that he thought the murder victim was reaching for a gun, but he had not actually seen one. Later, he told the attorney he planned to state that he had seen one, or at least "something metallic." The attorney convinced the defendant to testify without saying that he actually saw a gun in the murder victim's hand. After conviction, the defendant claimed these "admonitions" about his testimony constituted ineffective assistance of counsel.

The court concluded that, under *Strickland*, assistance was not ineffective because the attorney's conduct "fell within the wide range of professional responses to threatened client perjury acceptable under the Sixth Amendment." *Nix*, supra at 166. In explaining what would be acceptable, the Court set the boundaries: "Although counsel must take all reasonable lawful means to attain the objectives of the client, counsel is precluded from taking steps or in any way assisting the client in presenting false evidence or otherwise violating the law." Id.

In this instance the attorney attempted to, and temporarily did, dissuade her client from his intended unlawful course of conduct, offered to withdraw by seeking a continuance and new counsel when the client again persisted, was candid with the court about the prob-

lem, and prevented him not only from being subject to impeachment but more importantly, from committing perjury.[1]

Her conduct falls well within "the range of 'reasonable professional' responses . . . acceptable under the Sixth Amendment." Id. at 166. "[T]here is no right whatever — constitutional or otherwise — for a defendant to use false evidence," so it follows that "the right to counsel includes no right to have a lawyer who will cooperate with planned perjury" in a system of justice "dedicated to a search for truth." Id. at 173-174.[2]

The first prong of *Strickland* not having been satisfied, it is unnecessary for us to address the second prong.

Appellant is not entitled to a new trial at which he can have counsel who will permit him to testify falsely.

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 29, 1992 —
RECONSIDERATION DENIED NOVEMBER 17, 1992 

*Buford & Buford, Floyd M. Buford, Jr.,* for appellant.

*Willis B. Sparks III, District Attorney, Howard Z. Simms, Assistant District Attorney,* for appellee.

---

[1] Stephenson's suggestion that he should have been permitted to testify in narrative form would constitute the attorney's participation in fraud, and thus is no answer. See *Whiteside*, supra, 475 U. S. 170, fn. 6.

[2] See Georgia Code of Professional Responsibility EC 7-26 (Rule 3-107); Standard 45 (d); DR 7-102 (A) (2); DR 7-102 (B) (1); EC 7-26; DR 7-102 (A) (4).