S96A1400. CASEY v. THE STATE.
(479 SE2d 715)

BENHAM, Chief Justice.

Willie Herbert Casey, Jr., appeals his convictions of malice and

felony murder.[1] The evidence adduced at trial indicated that Casey was involved in a scuffle with the victim beside a road which was illuminated by several street lights. Two witnesses, Shanks and Pearson, drove by the scuffle and observed the incident over a seven- or eight-minute period of time and from distances of five to twenty or thirty feet. During the scuffle between Casey and the victim, Shanks, the driver of the vehicle, called out to Casey to "chill out, man, the cops are coming." Casey responded with an obscenity and then struck the victim in the chest and head with a knife, leaving the knife in the victim's head momentarily before withdrawing it. The witnesses watched Casey tuck the knife in the front of his pants and walk away from the scene. Shanks drove to a nearby restaurant, called the police, returned to the scene where the victim was lying on the curb of the street, then assisted in directing traffic around the victim until police arrived. While giving a statement to police, Shanks noticed Casey against a wall, beyond a gathering crowd. Shanks pointed to Casey and identified him as the assailant, identifying his white tee-shirt, yellow warm-up pants, white tennis shoes, and slight facial hair. Upon being arrested, Casey threatened Shanks in obscene terms.

Expert testimony at trial indicated that the victim died of a stab wound to the chest. No fingerprints were detected on the knife found at the scene because, according to an expert witness, the handle was too coarse to pick up fingerprints. The front of Casey's shirt contained a smear of human blood which expert testimony indicated was caused by a bloody object being wiped across the garment's surface. The smear was too small, however, to determine whether the blood was the victim's.

In Casey's sole enumeration of error, he contends that the evidence was insufficient to support the jury's verdict since the witnesses could not have positively identified the perpetrator and because there was a lack of forensic evidence linking him to the crime. We disagree and affirm his convictions.

As an appellate court, we do not weigh the evidence or judge the credibility of witnesses (*Grant v. State*, 195 Ga. App. 463 (393 SE2d 737) (1990)), so we do not consider Casey's assertions regarding the

---

[1] The crimes were committed on November 29, 1991. Casey was indicted on March 17, 1992, and a jury trial commenced on January 28, 1993. On January 29, the jury convicted Casey of malice and felony murder, and the trial court sentenced him to life imprisonment on the malice murder conviction, into which the felony murder conviction merged by operation of law. Casey filed a motion for new trial on February 19, 1993, and an amended motion on July 12, 1995. On March 25, 1996, the trial court denied the motion. Casey filed a notice of appeal on April 17, 1996, to the Court of Appeals. That court transferred the appeal to this Court, where it was docketed on May 24, 1996. The case was submitted for decision on the briefs on July 15, 1996.

witnesses' credibility and the likelihood that he would be at the scene if he had committed a murder there minutes earlier. Although the knife used in the crime was too coarse to hold fingerprints, and the blood found on Casey was of insufficient quantity to permit a determination whether it was the victim's, we conclude that the testimony of the two eyewitnesses who observed the crime from, at one point, a distance of five feet on a well-lit street, and the statements made by Casey to one of the witnesses upon his arrest, were sufficient to authorize a rational trier of fact to find Casey guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Tanthongsack v. State*, 265 Ga. 88 (3) (453 SE2d 468) (1995).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 21, 1997.

*Samuel W. Cruse*, for appellant.

*Daniel J. Craig*, District Attorney, *Charles R. Sheppard*, Assistant District Attorney, *Michael J. Bowers*, Attorney General, *Christopher S. Brasher*, Assistant Attorney General, for appellee.