A99A2270. WARD v. THE STATE.
(529 SE2d 378)

SMITH, Judge.

Stephen A. Ward was convicted of one count of burglary and was sentenced as a recidivist under the fourth felony provisions of OCGA § 17-10-7 (c). After the denial of Ward's motion for new trial, this appeal followed. Ward now challenges the sufficiency of the evidence supporting his conviction and the denial of his motion for new trial grounded on an ineffective assistance of counsel claim. Having reviewed both purported errors and finding no merit to either, we affirm.

On appeal, the evidence must be viewed in a light most favorable to the verdict, and Ward is no longer entitled to a presumption of innocence. *Pollard v. State*, 230 Ga. App. 159 (495 SE2d 629) (1998). When viewed in that manner, the evidence established that at about 2:25 a.m., the burglar alarm was activated at Junebug's Grocery. When police responded, they discovered a brick had been thrown through the store's plate glass front door. A surveillance camera inside Junebug's recorded a black male entering the store immediately after the glass broke. The burglar was carrying a cardboard box

into which he placed items he removed from behind the counter. Because the perpetrator had either a shirt or rag over his head, his facial features were not discernible on the videotape. The store's owner, Milton Griffin, reported that beer, cigars, and cigarettes had been stolen.

The day after the break-in, acting on a tip from an informant, Investigator James Williams of the Albany Police Department contacted Ward at his mother's house located within walking distance of Junebug's. Ward voluntarily agreed to accompany Williams to the police station where Williams fully informed him of his rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966). After Williams read and explained a waiver of rights form to him, Ward signed it. Then, at Williams's request, Ward wrote out a statement admitting to entering Junebug's with a shirt over his head and stealing beer and cigarettes.[1]

1. Ward contends that the evidence was not sufficient to sustain his conviction because the State failed to provide corroborating evidence as required by OCGA § 24-3-53.

OCGA § 24-3-53 provides: "All admissions shall be scanned with care, and confessions of guilt shall be received with great caution. A confession alone, uncorroborated by any other evidence, shall not justify a conviction." Corroboration in any material particular satisfies the law. *McCant v. State*, 234 Ga. App. 433, 434 (1) (506 SE2d 917) (1998). The precise amount of evidence needed to corroborate a confession must be decided by the jury. *McCloud v. State*, 210 Ga. App. 69 (1) (435 SE2d 281) (1993).

Here, the State's evidence demonstrated the occurrence of an early morning break-in at Junebug's. The owner testified that someone broke into his store without consent and stole beer, cigars, and cigarettes. The videotape showed that the burglar concealed his face with some clothing and took items from behind a counter. The details concerning the commission of the burglary corroborated Ward's confession to entering the store with a shirt over his head, stealing beer and cigarettes and then selling them. This evidence was sufficient within the meaning of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979) to sustain Ward's conviction for burglary. See *Ford v. State*, 234 Ga. App. 301, 303 (1) (506 SE2d 668) (1998); *Wallis v. State*, 170 Ga. App. 354 (1) (317 SE2d 331) (1984).

2. Ward asserts the trial court erred in finding that his trial counsel did not render ineffective assistance. He claims his trial

---

[1] According to the handwritten statement: "I went in to June bug store. I got some Cigs an Beer. Sold them to brand New. an I walk a round an dunk beer. I had on some shorts an I had the Shirt over my head." (Spelling and punctuation are as in the original.) A person known as "Brand New" was interviewed by defense counsel.

counsel failed to properly prepare a defense, did not conduct an adequate pretrial investigation, and failed to move for a directed verdict of acquittal.

To establish ineffectiveness, an appellant must show not only that his counsel's performance was deficient, but also that the deficiency prejudiced him. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Rucker v. State*, 268 Ga. 406, 407 (2) (489 SE2d 844) (1997). Failure to satisfy either prong of the *Strickland* standard is fatal to an ineffective assistance claim. *Brewer v. State*, 224 Ga. App. 656, 657-658 (2) (481 SE2d 608) (1997). In addition, a defendant must overcome the strong presumption that trial counsel's conduct fell within the wide range of reasonable professional conduct. Id.

The record belies Ward's contentions that his trial counsel did not adequately prepare for trial. At the motion for new trial hearing, Ward's trial counsel testified that he had met with his client, reviewed the entire district attorney's file, and attempted to locate witnesses. Defense counsel testified that when he interviewed "Brand New," that person "did not confirm what I was told by Mr. Ward and I did not call him as a witness." Similarly, counsel testified that his recollection was that Ward's girlfriend was unwilling or unable to substantiate an alibi. Decisions not to subpoena witnesses or not to call certain witnesses are tactical or strategic in nature and do not equate with ineffectiveness of counsel. *Allen v. State*, 199 Ga. App. 365, 367 (6) (405 SE2d 94) (1991); see *Harper v. State*, 232 Ga. App. 224, 227 (2) (d) (501 SE2d 591) (1998) (tactical decisions do not generally equate with ineffectiveness of counsel claims).

Ward's claim that his trial attorney should have sought a hearing under *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964) misperceives the law. When the voluntariness of a statement is not challenged, no violation of OCGA § 24-3-50 is asserted, and no hearing is required. *Helton v. State*, 206 Ga. App. 600, 601 (426 SE2d 172) (1992). In this case, after the trial court agreed to conduct a *Jackson-Denno* hearing, the defense conceded the voluntariness of Ward's incriminating statement, opting instead to dispute the accuracy of the writing itself. From that point, the issue became not voluntariness but witness credibility, a question for the jury, not the trial court, to resolve.

The record similarly refutes Ward's claim that his counsel failed to properly prepare him to testify. During the trial, Ward created an ethical dilemma for his lawyer when he spontaneously decided to deny writing any part of the confession despite having admitted to his lawyer that he did write portions of it. Counsel explained to the court that he wanted no part in suborning perjury. Outside the presence of the jury and the prosecutor, Ward admitted that what he was

telling the jury and what he had previously told his counsel differed. No rule of law requires or permits an attorney to assist in the commission of a crime. There is no right, constitutional or otherwise, for a defendant to use false evidence. *Stephenson v. State*, 206 Ga. App. 273, 275 (424 SE2d 816) (1992). The right to counsel, including the right to effective assistance of counsel, does not include cooperation in planned perjury. Id.

Nor has Ward shown that he was prejudiced by the decision not to retain a handwriting expert. At the new trial motion hearing, Ward's counsel testified that when he reviewed the handwritten statement, he concluded that "it all appeared to be the same writing." Counsel testified that "it is my opinion that Stephen Ward is not the most honest person in the world. I did not believe Stephen when he told me he didn't write certain parts of that statement." In these circumstances, counsel's refusal to "chase rabbits" by hiring a handwriting expert was purely a matter of trial strategy. Id. Since the trial court's explicit and detailed finding that Ward was not denied effective assistance of counsel was not clearly erroneous, it must be affirmed. *Kelly v. State*, 267 Ga. 252, 253 (2) (477 SE2d 110) (1996).

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED FEBRUARY 4, 2000.

*Willie C. Weaver*, for appellant.
*Kenneth B. Hodges III, District Attorney, Richard E. Thomas, Assistant District Attorney*, for appellee.