## S01A0396. SAPP v. THE STATE.
(543 SE2d 27)

HUNSTEIN, Justice.

Michael Shawn Sapp was convicted of malice murder in the shooting death of Frank Grant.[1] In his sole enumeration on appeal,

---

[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[4] See *Devier v. State*, 253 Ga. 604 (323 SE2d 150) (1984).

[1] The murder occurred on May 21, 1999. Sapp was indicted July 6, 1999 in Richmond County on charges of malice murder, felony murder based on aggravated assault, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon. He was found guilty of all counts in a bifurcated trial on April 26, 2000 and was sentenced to life imprisonment for malice murder and two five-year consecutive sentences for the possession convictions on June 7, 2000. Trial counsel filed a motion for new trial for Sapp on June 15, 2000; Sapp filed a pro se motion for new trial on June 16, 2000 and the trial court granted Sapp's request for the appointment of new counsel for his appeal. The trial court denied the motion for new trial on October 6, 2000. A notice of appeal was filed October 19, 2000. The appeal was docketed November 29, 2000 and was submitted for decision on the briefs.

Sapp contends the evidence was insufficient to support the verdict and thus the trial court erred by denying his motion for new trial.

The jury was authorized to find that Sapp, Benton and Wiggins were chasing an innocent bystander Benton had been harassing. The victim stopped Benton and told him that the three young men needed to get out of the street. Benton replied with an obscenity. A witness heard Sapp, who was some distance behind Benton, state "oh, that motherfucker want some of this shit too." The witness saw Sapp pull out a revolver, run closer to the scene and shoot the unarmed victim. Sapp then ran away. Although he changed the shirt he was wearing to alter his appearance, he was arrested within a few blocks by a patrol officer who recovered from Sapp's pocket a .38 caliber pistol with one spent casing and one loaded round. Expert medical testimony established that the bullet which killed the victim entered his chest and traveled on a slight downward trajectory. At trial Sapp testified that when he saw Benton confront the victim, he ran to assist Benton. He testified that he was "just going to shoot [the weapon]. I wasn't trying to aim it at [the victim] or nothing."

Sapp contends there was insufficient evidence for the jury to find he killed the victim with malice, the mental intention necessary for malice murder. OCGA § 16-5-1 (a).

> Express malice is that deliberate intention unlawfully to take the life of another human being which is manifested by external circumstances capable of proof. Malice shall be implied where no considerable provocation appears and where the circumstances of the killing show an abandoned and malignant heart.

Id. at (b).

On appeal, this Court views the evidence in the light most favorable to the verdict using the test established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). *Humphrey v. State*, 252 Ga. 525 (1) (314 SE2d 436) (1984). On appeal Sapp no longer enjoys the presumption of innocence, and we do not weigh the evidence or judge the credibility of witnesses. *Casey v. State*, 267 Ga. 433 (479 SE2d 715) (1997). Although Sapp argues his trial testimony constituted unrebutted evidence that he lacked the malice necessary for murder, the jury was authorized to discredit his testimony and find based on Sapp's behavior before the shooting, the obscene comment he made about the victim, and his actions afterwards, that Sapp possessed the requisite malice when he shot and killed the victim. The evidence adduced at trial was sufficient to enable a rational trier of fact to find Sapp guilty of the charged crimes beyond a reasonable doubt. *Jackson v. Virginia*, supra.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 16, 2001.

*Mario A. Pacella*, for appellant.
*Daniel J. Craig, District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Adam M. Hames, Assistant Attorney General*, for appellee.

