## A01A0685. COUCH v. THE STATE.
### (545 SE2d 685)

PHIPPS, Judge.

Grady Michael Couch was convicted of two counts of molesting his stepdaughter's friend. He appeals, claiming that the trial court abused its discretion in admitting similar crimes evidence, that the evidence was not sufficient to support his conviction, and that the court imposed an excessive sentence. We find no merit in Couch's claims and affirm.

The 13-year-old victim, A. L., testified that the morning after she had spent the night with Couch's stepdaughter, J. M. (also 13 years old), Couch appeared in the bathroom where she was taking a shower, opened the shower curtain, fondled her breasts, and penetrated her vagina with his finger. She made an immediate outcry of the event to J. M.

The trial court admitted the following similar transaction evidence. A police officer testified that when J. M. was approximately six years old, she gave a taped interview to him and a Department of Family & Children Services representative in which she recounted instances when Couch had improperly touched her vaginal area. A psychologist who interviewed J. M. when she was thirteen years old testified that she had accused Couch of molesting her when she was

---

[6] See generally *Young v. State,* 245 Ga. App. 684, 685 (2) (538 SE2d 760) (2000).

[7] *Gadson v. State,* 264 Ga. 280, 281 (2) (444 SE2d 305) (1994).

approximately six years old and that she said he continued to make inappropriate, sexually suggestive comments. Couch's former daughter-in-law testified that she had observed Couch improperly touch J. M.'s breasts when J. M. was approximately 12 years old and that J. M. had confided to her that the situation had improved after DFACS was alerted to the incidents.

1. Couch challenges the sufficiency of the evidence based on his testimony that he touched A. L.'s breasts and vagina under the mistaken belief that she was his wife. According to Couch, the bathroom was dark, he thought his wife was in the shower, and he stopped immediately when he realized otherwise. A. L., however, testified that she and Couch were clearly visible to one another while he was touching her, that he continued touching her after she told him to stop, and that she did not look or sound like his wife.

These conflicts in the witnesses' testimony were for the jury to resolve.[1] Viewed in the light most favorable to the verdict, the evidence was sufficient to enable a rational trier of fact to find Couch guilty beyond a reasonable doubt of child molestation.[2]

2. Couch challenges the trial court's admission of the similar transaction evidence because J. M., who was removed from her mother and stepfather's home and is now living with her grandmother, testified that she did not remember whether he had molested her and did not recall that she had accused him of molesting her. He also claims that there was insufficient similarity between the independent acts and the crimes charged to warrant admission of the extrinsic evidence.

Before similar transaction evidence may be admitted, the State must show, among other things, that there is sufficient evidence to establish that the accused committed the independent offense or act and that there is a sufficient connection or similarity between the independent offense and the crime charged so that proof of the former tends to prove the latter.[3]

Notwithstanding J. M.'s testimony, the trial court was authorized to find that the testimony of other State's witnesses provided sufficient evidence that Couch had committed the acts of molestation upon her. " 'The sexual abuse of young children, regardless of the sex of the victims or the nomenclature or type of acts perpetrated upon them, is of sufficient similarity to make the evidence admissible.' [Cits.]"[4]

---

[1] *Bales v. State*, 232 Ga. App. 761, 763 (1) (503 SE2d 607) (1998).

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991).

[4] *Willett v. State*, 223 Ga. App. 866, 872 (3) (a) (479 SE2d 132) (1996).

3. Couch's sentence did not constitute cruel and unusual punishment.

> A person convicted of a first offense of child molestation shall be punished by imprisonment for not less than five nor more than 20 years. Upon such first conviction of the offense of child molestation, the judge may probate the sentence; and such probation may be upon the special condition that the defendant undergo a mandatory period of counseling administered by a licensed psychiatrist or a licensed psychologist.[5]

Couch was sentenced concurrently on the two counts, to ten years in prison followed by five years on probation, with the probation being conditioned on Couch undergoing psychological counseling.

> A presumption arises when a defendant is sentenced within the statutory limits set by the legislature that such sentence does not violate the Eighth Amendment's guarantee against cruel and unusual punishment. Such presumption remains until a defendant sets forth a factual predicate showing that such legislatively authorized punishment was so overly severe or excessive in proportion to the offense as to shock the conscience. [Cit.][6]

The sentence in this case was within statutory limits and in no way shocks the conscience.

4. Couch's remaining claims of error have been abandoned as they are not supported by reference to the record or transcript.[7] Nonetheless, we have reviewed them based on the State's record citations and find no merit in them. First, the court was authorized to find that the jury venire was not tainted by an improper comment of a prospective juror. Second, after Couch complained of the psychologist's failure to comply with his notice to produce, the court ordered the requested material to be provided to the defense before the witness testified, and it in no way appears from the record that a continuance was demanded.

*Judgment affirmed. Smith, P. J., and Barnes, J., concur.*

---

[5] OCGA § 16-6-4 (b).

[6] *Burgos v. State*, 233 Ga. App. 897, 902, n. 2 (505 SE2d 543) (1998).

[7] See Court of Appeals Rule 27 (c) (3) (i).

DECIDED FEBRUARY 22, 2001.

*George H. Weldon*, for appellant.
*William T. McBroom III, District Attorney, James E. Hardin, Assistant District Attorney*, for appellee.