## A01A2049. POWELL v. THE STATE.
### (577 SE2d 466)

MILLER, Judge.

Vashawn Powell was convicted of theft by taking and of possession of a firearm by a convicted felon. He appeals, arguing that the evidence was insufficient to sustain his conviction and that certain testimony was inadmissible. Since both arguments lack merit, we affirm.

1. As an appellate court we view the evidence in the light most favorable to the verdict to determine whether a rational trier of fact could have found the defendant guilty of the charged offenses beyond a reasonable doubt.[1] We do not weigh the evidence or judge the credibility of the witnesses.[2]

Viewed in this light, the evidence showed that some trucks were broken into at a United Parcel Service, Inc. (UPS) facility, resulting in certain items missing, including a box of hair weaves and some compact discs. The next day police obtained consent to search the vehicle Powell drove, in which they found the stolen items. Powell, a convicted felon, volunteered that a gun he owned was in the glove box in the vehicle, which police then found in the glove box. Powell accompanied police to the station, where after being advised of his rights, he freely confessed to breaking into the UPS trucks and to stealing several items, including those found in the car. He confirmed that he possessed the gun.

Powell contends that the convictions were based on his confession alone, with no corroboration, and therefore cannot be sustained. "Although an uncorroborated confession cannot support a conviction under OCGA § 24-3-53, corroboration of a confession in any particular satisfies the requirements of the statute."[3] The amount of evidence needed to corroborate a confession is a question for the jury.[4] The evidence that the same items stolen from UPS were found in Powell's vehicle, along with the gun that Powell said would be there, provides corroborating physical evidence of Powell's confession. Further, Powell's confession contained details about how the seals and locks were cut to gain access to steal the items from UPS, details that only the perpetrator of the crime would have known and that were consistent with the physical evidence at the crime scene. The evidence sufficed to sustain the convictions.

2. Powell claims that certain testimony regarding what an infor-

---

[1] *Sapp v. State*, 273 Ga. 472, 473 (543 SE2d 27) (2001); see *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[2] *Sapp*, supra, 273 Ga. at 473.

[3] (Citation omitted.) *Sands v. State*, 262 Ga. 367 (1) (418 SE2d 55) (1992).

[4] *Ward v. State*, 242 Ga. App. 246, 247 (1) (529 SE2d 378) (2000).

mant said and regarding a parole violation was inadmissible. Powell, however, did not object to any of this testimony at trial and therefore has waived any error.[5]

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED DECEMBER 13, 2001.

*John P. Cannon*, for appellant.

*Kenneth B. Hodges III, District Attorney, Troy E. Golden, Assistant District Attorney*, for appellee.

---

[5] *Moore v. State*, 246 Ga. App. 163, 166 (5) (539 SE2d 851) (2000); *Davitt v. State*, 232 Ga. App. 427 (1) (502 SE2d 300) (1998).