S02A1890. WRIGHT v. THE STATE.
(577 SE2d 782)

CARLEY, Justice.

After a brief fist fight with Markley Turner, Negurian Wright went to his nearby home and returned with a gun. His brother accompanied him and encouraged him to shoot Turner. When Wright fired the weapon, the unarmed victim fled behind his grandfather's house. Wright followed, and several more shots were heard. Turner died from a bullet which entered his back and perforated his heart and liver. Three eyewitnesses, including Turner's grandfather, identified Wright as the shooter. The police obtained a warrant to search Wright's residence. He was not there, but the officers discovered several bullets which matched those fired at the victim. Wright and his brother eventually turned themselves in, and they were tried jointly for the murder of Turner. The jury found them both guilty of malice

murder, and the trial court sentenced them to life imprisonment. Wright appeals.[1]

1. When construed most strongly in support of the verdict, the evidence is sufficient to authorize a rational trier of fact to find Wright guilty of malice murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Wright urges that, in two instances, the trial court erred in failing to order a mistrial on its own motion. One occurrence involves emotional outbursts by Turner's mother and the other relates to some of the victim's relatives who wore T-shirts bearing Turner's picture. On both occasions, the trial court took action. In the case of Turner's mother, the trial court chastised her and eventually ordered that she be removed from the courtroom. There is no indication that the jury was aware of her relation to the victim. *Davis v. State*, 272 Ga. 327, 329 (3) (528 SE2d 800) (2000). The trial court forbade those wearing the T-shirts from entering the courtroom, and the record does not show that any juror was ever exposed to a relative of Turner who was wearing one.

A trial court is required to act sua sponte only if there is a manifest necessity for a mistrial. *Owen v. State*, 266 Ga. 312, 314 (3) (467 SE2d 325) (1996). A mistrial was not demanded under the circumstances of this case, even if the defense had moved for that relief. See *Todd v. State*, 274 Ga. 98, 102 (5) (549 SE2d 116) (2001). There being no manifest necessity, the trial court did not err in failing to grant a mistrial on its own motion.

3. While describing the circumstances of the arrest, an officer stated on direct examination that another policeman told him that Wright declined to make a statement. Defense counsel did not object and, on appeal, Wright asserts that the trial court should have interceded and ordered a mistrial.

The comment was made during the officer's narrative recitation of the events surrounding Wright's surrender to the authorities, and it appears that it was not intended to reflect on his guilt and it was not probative on that issue. *Cape v. State*, 246 Ga. 520, 523 (2) (272 SE2d 487) (1980). Thus, the remark was not so fundamentally unfair as to deny him due process. *Smith v. State*, 244 Ga. 814, 815 (1) (262 SE2d 116) (1979). The trial court did not err in failing to order a mistrial sua sponte. See *Owen v. State*, supra at 314 (3).

---

[1] The crime occurred on September 27, 2000. The grand jury indicted Wright on February 8, 2001. The jury returned the guilty verdict on September 17, 2001 and, on the same day, the trial court entered the judgment of conviction and imposed the life sentence. Wright filed a motion for new trial on September 27, 2001, and the trial court denied that motion on May 31, 2002. He filed a notice of appeal June 27, 2002, and the case was docketed in this Court on August 23, 2002. The appeal was submitted for decision on October 14, 2002.

4. On cross-examination, defense counsel asked an investigating officer if the eyewitnesses reported that Wright "was real upset after the fight?" The trial court interrupted and suggested that this inquiry would elicit inadmissible hearsay. After a colloquy with the attorneys, the trial court ruled that the defense was limited to questioning the policeman about those reports he received which were inconsistent with the eyewitnesses' trial testimony.

Wright enumerates this evidentiary ruling as error, asserting that he was precluded from proving that the eyewitnesses made statements to the officer which were inconsistent with their testimony. However, the trial court expressly stated that its ruling was not intended to prevent the defense from showing that the eyewitnesses made such statements, either by production of a writing which contradicted their trial testimony or by cross-examination of the officer himself. See Gibbons v. State, 248 Ga. 858 (286 SE2d 717) (1982). Therefore, this enumeration is without merit.

5. Wright cites several instances in which his trial counsel allegedly failed to provide effective legal assistance. To prevail, he must show that his attorney's performance was deficient and that, but for that deficient performance, a reasonable probability exists that the trial would have had a different outcome. Strickland v. Washington, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). There is a strong presumption that the lawyer's performance falls within the wide range of reasonable professional assistance. Rucker v. State, 271 Ga. 426, 427 (520 SE2d 693) (1999). Here, that presumption was reenforced by the attorney's testimony at the hearing on the motion for new trial. Having heard the evidence adduced at that hearing, the trial court did not find any violation of Wright's constitutional right to effective defense counsel. On appellate review, " 'we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts. (Cit.)' [Cit.]" Boyd v. State, 275 Ga. 772, 776 (3) (573 SE2d 52) (2002).

(a) During the course of the trial, Wright shifted his defense from a claim of justifiable homicide to a denial that he shot Turner. He urges that his lawyer was ineffective for failing to maintain a consistent defense. However, the attorney testified that he advised against the switch, but Wright insisted on it. "[A]fter having been informed, the defendant, and not his attorney, makes the ultimate decision about . . . what line of defense to pursue, [cit.] . . . ." Morrison v. State, 258 Ga. 683, 686 (3) (373 SE2d 506) (1988). Thus, trial counsel is not ineffective when, contrary to his recommendation, the client elects to abandon one defense and to assert another.

(b) Although Wright asserts that trial preparation was inadequate, the attorney testified that they met on several occasions to

discuss the case and strategy. Wright makes no showing that "additional pre-trial communications would have changed the outcome of his trial." *Washington v. State*, 274 Ga. 428, 430 (2) (554 SE2d 173) (2001). The lawyer also described the other preparatory and investigatory actions he took in defending his client. Wright likewise fails to counter this showing with proof of what additional exculpatory facts might have been discovered as the result of further preparation or investigation. *Bradford v. State*, 221 Ga. App. 232, 236 (3) (c) (471 SE2d 248) (1996).

(c) Failure to move for a mistrial or to request additional relief based upon the emotional outbursts of the victim's mother and the T-shirts does not compel a finding that defense counsel was ineffective. See *Todd v. State*, supra at 102 (5).

(d) When the officer made the passing reference to Wright's post-arrest silence, the attorney did not object because, in his opinion, it would merely focus the jury's attention on the otherwise harmless comment. This decision not to object was a valid exercise of professional judgment. *Holmes v. State*, 273 Ga. 644, 648 (5) (c) (543 SE2d 688) (2001).

(e) The manner in which defense counsel dealt with the eyewitnesses on direct and cross-examination is urged as ineffective in several particulars. However, these instances relate to strategic decisions. *Jones v. State*, 263 Ga. 835, 837 (2) (439 SE2d 645) (1994). All " ' "strategies and tactical decisions are the exclusive province of the lawyer after consultation with his client." [Cit.]' [Cit.]" *Austin v. Carter*, 248 Ga. 775, 779 (2) (c) (285 SE2d 542) (1982). Such decisions rarely qualify as grounds for a finding of ineffectiveness. *Herndon v. State*, 235 Ga. App. 258, 259 (509 SE2d 142) (1998); *Ruffin v. State*, 201 Ga. App. 792, 795 (2) (b) (412 SE2d 850) (1991). Moreover, in no instance has Wright shown a reasonable probability that pursuit of a different strategy or tactic would have resulted in a verdict other than guilty of malice murder. " 'An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.' [Cit.]" *Goodwin v. Cruz-Padillo*, 265 Ga. 614, 615 (458 SE2d 623) (1995).

(f) Counsel did not introduce evidence that Turner's blood tested positive for cocaine. However, he testified that his decision in that regard was based upon Wright's election to drop the justification defense. Once Wright claimed that he was not the shooter, evidence which might support a finding that the victim was the aggressor became irrelevant. The tactical decision not to tender this irrelevant evidence does not demonstrate the attorney's ineffectiveness. Cf. *Stephenson v. State*, 206 Ga. App. 273 (424 SE2d 816) (1992) (refusal to present false testimony).

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 10, 2003 —
RECONSIDERATION DENIED MARCH 28, 2003.

*Maria Murcier-Ashley,* for appellant.
*J. Tom Morgan, District Attorney, Barbara B. Conroy, Assistant District Attorney, Thurbert E. Baker, Attorney General, Mary Beth Westmoreland, Deputy Attorney General, Paula K. Smith, Ruth M. Pawlak, Assistant Attorneys General,* for appellee.