## A03A0482. HOWARD v. THE STATE.
### (585 SE2d 115)

BARNES, Judge.

Following the denial of his motion for new trial, Jerrell Lee Howard appeals from his conviction for theft by taking and concealing a death. He argues the sufficiency of the evidence and also challenges his prison sentence as grossly disproportionate to the crimes charged. Since both arguments lack merit, we affirm.

1. As an appellate court we view the evidence in the light most favorable to the verdict to determine whether a rational trier of fact could have found the defendant guilty of the charged offenses beyond a reasonable doubt. *Sapp v. State*, 273 Ga. 472, 473 (543 SE2d 27) (2001); see *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). We do not weigh the evidence or judge the credibility of the witnesses. *Sapp*, supra, 273 Ga. at 473.

So viewed the evidence demonstrates that at approximately 3:00 a.m. on July 22, 2000, a Chatham County police officer responded to a burglary call at the home of the victim. A neighbor had called the police to report that someone was attempting to burglarize the victim's home. The police officer arrived and found the home secure. He left, but a short time later he was dispatched to the home again. When he arrived at the victim's home, he found two women there, neither of them the victim. One of the women was later identified as Howard's mother. She gave the officer a driver's license belonging to the victim and keys to the house. She also directed the officer to talk with the neighbor who had originally called and tell her to "stay out of her business." The officer was called back to the home the next day for the third time. On this occasion the neighbor wanted the officer to accompany her into the victim's house to feed some animals in the home. She said that she had not seen the victim in a couple of weeks. While the neighbor fed the animals, the officer looked around. He noticed a freezer, and he said that he had a "strange feeling" since the victim had been missing for a couple of weeks. The freezer was locked, but he pried open one corner, shined his flashlight in, and saw a pair of human feet. The officer immediately left the house and called for support.

The body was identified as that of the victim homeowner. She had been strangled and placed in the freezer for several days. Howard's mother testified that she had met the victim six months before when they were in a drug rehabilitation facility together. She intro-

duced Howard to the victim, and he and the victim became friends and Howard began spending time at the victim's home on a regular basis. She testified that the last time she saw the victim was the Tuesday morning before the victim's body was discovered and that Howard was with the victim when she left. A Sears pest control technician testified that she saw the victim on Monday, July 17 and that Howard was with her at her home. Howard's mother testified that at some point, she asked Howard where the victim was and he said that she was at a local motel. She was suspicious, however, that Howard was hanging around the victim's home "trying to steal something." She also testified that during this time Howard sold her packaged frozen meat, but did not tell her where he had gotten the meat. She said that the meat was in the trunk of a rental car that belonged to the victim and Howard was driving the car. Howard's girlfriend testified that Howard brought several items, including a television, VCR, frozen steaks and lobster tails, crystal, and a blender to her home. Howard also pawned jewelry belonging to the victim. Howard was indicted for murder, two counts of felony murder, concealing the death of another, and theft by taking.

Howard argues that the evidence was insufficient to convict him of the crime of concealing the death of another and theft by taking. Howard appears to abandon his contention that the evidence was insufficient to support the theft by taking conviction, but asserts that his confession to concealing a death was uncorroborated and therefore insufficient to support his convictions.

OCGA § 24-3-53 provides: "All admissions shall be scanned with care, and confessions of guilt shall be received with great caution. A confession alone, uncorroborated by any other evidence, shall not justify a conviction." But the precise amount of evidence needed to corroborate Howard's confession must be decided by a jury, and corroboration in any material particular satisfies the law. *Ward v. State*, 242 Ga. App. 246, 247 (1) (529 SE2d 378) (2000). The statute is satisfied if the confession is corroborated in any particular. *Sands v. State*, 262 Ga. 367 (1) (418 SE2d 55) (1992).

Under OCGA § 16-10-31, "[a] person who, by concealing the death of any other person, hinders a discovery of whether or not such person was unlawfully killed is guilty of a felony." We conclude that based on the evidence summarized above, a rational trier of fact was authorized to convict Howard of hindering the discovery of whether the victim was unlawfully killed under the standard of *Jackson v. Virginia*, supra. See generally *Carter v. State*, 238 Ga. App. 632, 633 (1) (519 SE2d 717) (1999).

2. Howard also argues that the court abused its discretion by imposing sentences grossly disproportionate to the crimes of which he was convicted. Howard was given two consecutive ten-year

sentences. In this case, the sentence for each offense is within the statutory guidelines. OCGA §§ 16-10-31; 16-8-2. Further, the trial court had the discretion to impose consecutive sentences for the separate offenses. OCGA § 17-10-10. "A presumption arises when a defendant is sentenced within the statutory limits set by the legislature that such sentence does not violate the Eighth Amendment's guarantee against cruel and unusual punishment." (Footnote omitted.) *Couch v. State*, 248 Ga. App. 238, 240 (3) (545 SE2d 685) (2001). "Such presumption remains until a defendant sets forth a factual predicate showing that such legislatively authorized punishment was so overly severe or excessive in proportion to the offense as to shock the conscience. [Cit.]" *Burgos v. State*, 233 Ga. App. 897, 902, n. 2 (505 SE2d 543) (1998).

In this case, Howard was on probation on a first offender plea at the time of the crime; he repeatedly over the course of the week following the victim's disappearance disposed of her property and gave false statements about her whereabouts which contributed to her body not being discovered. Under these facts, Howard's sentence was not overly severe or excessive so as to shock the conscience.

*Judgment affirmed. Andrews, P. J., and Adams, J., concur.*

DECIDED JUNE 19, 2003 —
RECONSIDERATION DENIED JULY 9, 2003.

*Thomas J. Gustinella*, for appellant.
*Spencer Lawton, Jr., District Attorney, Ronald M. Adams, Assistant District Attorney*, for appellee.