## A94A0885. PALMORE v. THE STATE.
(444 SE2d 581)

BIRDSONG, Presiding Judge.

Kenneth Palmore appeals from the order of the trial court denying his motion for new trial; appellant was found guilty of armed robbery. He enumerates two errors. *Held*:

1. Appellant asserts that the trial court erred in denying the motion for new trial on the ground that the charge to the jury was unconstitutionally burden shifting. Specifically, citing, inter alia, OCGA § 5-5-24 (b), appellant maintains that it was reversible error to charge the jury in a preliminary instruction as to presumption of innocence, burden of proof, reasonable doubt, conflict in testimony, and definition of a crime without recharging on those principles after completion of closing argument.

When the trial court inquired if counsel had any objections to the charge, appellant's counsel affirmatively stated there was none, and did not reserve the right to object to the charge on motion for new trial or on appeal. See generally *McCoy v. State*, 262 Ga. 699, 701 (2) (425 SE2d 646). Accordingly, appellant waived any appellate claim of charging error. *Anderson v. State*, 262 Ga. 331, 332 (2) (418 SE2d 39).

2. Appellant also asserts that the trial court erred in refusing to grant the motion for new trial on the general grounds. This contention is without merit. Appellant has failed to carry his appellate burden, within the meaning of *Robinson v. State*, 229 Ga. 14, 15 (1) (189 SE2d 53), to show error which has harmed him. See Division 1 above. On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463 (1) (393 SE2d 737). Two employees of Del Taco made pre-trial photographic and in-court identifications of appellant as the perpetrator of the averred armed robbery, and testified that appellant committed the robbery using a handgun. Review of the transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offense of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Where, as here, there exists the requisite evidence to support the verdict within the meaning of *Jackson v. Virginia*, supra, and no reversible error otherwise has been committed, the verdict will stand. Cf. *Bill Jones Motors v. Mitchell*, 100 Ga. App. 185, 188 (110 SE2d 555); compare *Rogers v. State*, 101 Ga. 561, 563 (28 SE 978).

*Judgment affirmed. Cooper and Blackburn, JJ., concur.*

DECIDED MAY 4, 1994.

*Johnny B. Mostiler*, for appellant.
*Johnnie L. Caldwell, Jr., District Attorney, William T. Mc-Broom III, Assistant District Attorney*, for appellee.