S96A1402. KELLY v. THE STATE.
(477 SE2d 110)

HUNSTEIN, Justice.

Osceola Kelly was indicted on charges of murder, felony murder, two counts of kidnapping, and aggravated assault, arising out of the death of Aisha Heard and injuries to Jamina Bolston and Kelly's co-defendant, William Berry. Following a joint trial with Berry, a jury found Kelly guilty of malice murder and the other related charges. He now appeals from the denial of his amended motion for new trial.[1]

1. Evidence was adduced from which the jury was authorized to find that Kelly and Berry were involved in a "shoot-out" on a playground at an Atlanta public housing complex on the night of September 10, 1993. The confrontation left Kelly wounded in the foot, Jamina Bolston wounded in the buttocks and Aisha Heard dead from a gunshot wound to the head. The children, Bolston and Heard, were shot by Berry after Kelly grabbed them and used them as shields during the gunfight.

We find the evidence sufficient to enable a rational trier of fact to find Kelly guilty of the crimes for which he was convicted beyond a reasonable doubt under the standard set forth in *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In his sole enumeration of error on appeal, Kelly contends he was denied effective assistance of counsel because his trial attorney failed to request a severance of his trial from that of his co-defendant.

---

[1] The crimes occurred on September 10, 1993. Kelly was indicted on February 25, 1994 in Fulton County. He was found guilty on August 19, 1994 and was sentenced on September 12, 1994. His motion for new trial, filed on October 12, 1994, as amended by new appellate counsel on December 18, 1995, was denied on December 19, 1995. A notice of appeal was filed on January 2, 1996. The transcript was certified on May 15, 1996, and the appeal was docketed on May 24, 1996. Oral arguments were heard on September 17, 1996.

He also maintains that he was prejudiced because this was counsel's first criminal trial.

A trial court's finding that a defendant has not been denied effective assistance of counsel will be affirmed unless clearly erroneous and the defendant must overcome the strong presumption that trial counsel's conduct falls within the wide range of reasonable professional conduct. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 2064, 80 LE2d 674) (1984); *Brogdon v. State*, 255 Ga. 64, 68 (335 SE2d 383) (1985). In cases where ineffectiveness of trial counsel is alleged, "[t]he burden is on the defendant to show both that his trial counsel's performance was deficient and that the deficient performance prejudiced his defense. [Cits.]" *Brown v. State*, 257 Ga. 277, 278 (2) (357 SE2d 590) (1987). The trial court's finding here was not clearly erroneous. At the hearing on the motion for new trial, trial counsel testified that he considered seeking a severance, but chose not to because he believed the contrast between his client and Berry, whom he sought to show as the aggressor, would be beneficial to Kelly's defense. This decision was clearly part of counsel's trial tactic and strategy and "the fact that such a motion was not filed does not require a finding that trial counsel was ineffective." *Warren v. State*, 197 Ga. App. 23, 24 (1) (397 SE2d 484) (1990). Moreover, Kelly cannot show that there is any reasonable probability that the verdict would have been different had he been tried separately. Whether a co-defendant to a non-capital offense should be tried jointly or separately is within the discretion of the trial court. OCGA § 17-8-4; *Dennard v. State*, 263 Ga. 453, 455 (5) (435 SE2d 26) (1993). There was nothing confusing about the evidence in this case and nothing which presented a danger that evidence against one defendant would be used against the other. Kelly asserts that he was defending himself against Berry's attack during the incident and as such his motives were "diametrically opposed" to Berry. He complains that because he was tried with Berry he was more likely to be convicted of Aisha Heard's murder even though Berry fired the fatal shot. However, it is not enough for a defendant to raise the possibility that a separate trial would have given him a better chance of acquittal; a defendant is entitled to severance only where there is a clear showing of harm or prejudice and a showing that failure to sever would result in the denial of due process. *Jones v. State*, 243 Ga. 584 (4) (255 SE2d 702) (1979). A defendant cannot rely upon antagonism between co-defendants to show prejudice and the consequent denial of due process; a defendant must show that the failure to sever harmed him. *Dennard v. State*, supra at 455 (5). Under the facts of this case, the trial court was authorized to conclude that trial counsel's failure to seek a severance of the parties did not result in a deficient performance by counsel and did not prejudice Kelly under *Strickland v.*

*Washington,* supra.

Nor is there any merit to Kelly's assertion that a claim of ineffectiveness can be based upon a showing of his counsel's lack of criminal trial experience. The successful claim for ineffectiveness of trial counsel rests upon specific errors made by counsel and does not rest upon trial counsel's inexperience. *United States v. Cronic,* 466 U. S. 648, 665 (104 SC 2039, 80 LE2d 657) (1984).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 4, 1996.

*Alterman & Associates, Cathy M. Alterman,* for appellant.

*Lewis R. Slaton, District Attorney, Leonora Grant, Kirby Clements, Jr., Assistant District Attorneys, Michael J. Bowers, Attorney General, Wesley S. Horney, Assistant Attorney General,* for appellee.