## S97A0681. RUCKER v. THE STATE.
(489 SE2d 844)

THOMPSON, Justice.

A jury convicted Danny Alton Rucker of felony murder with the underlying felony of armed robbery in the stabbing death of Lou Ellen Rowland, and aggravated assault on Renee Maxwell.[1] Although the State sought the death penalty, the jury returned a life sentence, and a sentence of life plus 20 years was imposed. Rucker

---

[1] The offense occurred December 3, 1986. Appellant was indicted January 19, 1988, and tried February 6-14, 1989. He was convicted February 14, 1989, and sentenced February 15, 1989. His motion for new trial was filed March 16, 1989, and amended December 2, 1994. A hearing on the motion was conducted December 9, 1994, and continued March 22, 1995. The order denying new trial was entered February 1, 1996. A notice of appeal was filed March 1, 1996, and amended April 25, 1996. The case was docketed in this Court on January 27, 1997, and was submitted for decision on briefs on March 24, 1997.

appeals from the judgment of conviction and from the denial of his motion for new trial, asserting ineffective assistance of counsel at trial and at the motion for new trial.[2]

1. Rucker contends the evidence is insufficient to support the verdict, in part because there was no physical evidence linking Rucker to the crime. We examine the evidence ·in the light most favorable to the verdict to determine whether any rational trier of fact could have found Rucker guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979). Viewed in this manner, the evidence shows that Lou Ellen Rowland was fatally stabbed in the chest during a robbery of the Majik Market in Elberton where she was the night clerk. Rucker entered the store about 1:40 a.m., bought a package of cigarettes, and left. He returned about 15 minutes later. Rowland's housemate, Renee Maxwell, was in the back of the store playing a video game. She heard Rowland scream, turned, and saw Rucker with his arm around Rowland's neck. Maxwell tried to run from the store, and was stabbed in the back during her escape. Maxwell identified Rucker as the man who stabbed Rowland, robbed the store, and stabbed her in the back as she fled. A clerk at another convenience store in Elberton also identified Rucker as the man who entered her store two hours before the murder and asked her if she were afraid to close the store at night. The clerk told Rucker there were security cameras in the store, and he left. We find that the *Jackson v. Virginia* standard has been satisfied.

2. Rucker contends he was afforded ineffective assistance of counsel at trial. Rucker has the burden of showing that counsel's performance was deficient and that the deficient performance prejudiced the defense by creating a reasonable probability of a different outcome but for counsel's errors. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). We evaluate counsel's performance from his perspective at the time of trial. *Smith v. Francis*, 253 Ga. 782, 784 (325 SE2d 362) (1985).

In response to Rucker's assertions, trial counsel Keeble testified at the hearing on the motion for new trial that chronic fatigue syndrome did not affect him during Rucker's trial, he suffered no depression or memory loss, and his health played no role in his trial decisions. Also, the trial court granted his motion for funds for an investigator, which he used to investigate the penalty phase. Mr. Keeble did file a motion to suppress identification evidence and thor-

---

[2] Rucker was represented at trial by appointed counsel, Mr. Keeble. Rucker had also retained co-counsel, Ms. Booker. Rucker retained Mr. Dious to represent him at the motion for new trial. Ms. Booker, co-counsel at trial, now represents Rucker in this appeal, claiming ineffective assistance of both Mr. Keeble at trial and Mr. Dious at the motion for new trial.

oughly cross-examined the witnesses concerning their identification testimony. He also moved for a change of venue, which was denied.

During the sentencing phase, a woman burst into the courtroom screaming, "He didn't do it. She told me she did it. You have the wrong person!" After a member of the defense team questioned the woman, Mr. Keeble elected not to request a mistrial for strategic purposes.

Rucker's additional claims — that Mr. Keeble failed to investigate a defense of impossibility, failed to obtain sufficient evidence to corroborate the defense, failed to pursue a motion to suppress the identification of Rucker's car, and labored under a conflict of interest stemming from his prior representation of three State's witnesses — were not raised at the amended motion for new trial and are procedurally barred. *Glover v. State*, 266 Ga. 183, 184 (465 SE2d 659) (1996).

Mr. Keeble's performance has not been proved deficient, and it follows that no prejudice has been shown. *Strickland v. Washington*, supra.

3. Rucker alleges he was denied effective assistance of counsel at the motion for new trial because Mr. Dious failed to secure the testimony of a newly discovered witness. Because Mr. Dious was initially retained to represent Rucker at the motion for new trial, this is Rucker's first opportunity to challenge his performance. Accordingly, this claim was presented at the earliest practicable moment. We, therefore, remand for a hearing and appropriate findings concerning alleged ineffective assistance of counsel at the motion for new trial. *Smith v. State*, 255 Ga. 654, 656 (3) (341 SE2d 5) (1986).

*Judgment affirmed in part and case remanded in part. All the Justices concur.*

DECIDED SEPTEMBER 22, 1997.

*M. V. Booker*, for appellant.
*Lindsay A. Tise*, District Attorney, *Thurbert E. Baker*, Attorney General, *Paula K. Smith, Susan V. Boleyn*, Senior Assistant Attorneys General, *Angelica M. Woo*, Assistant Attorney General, for appellee.