A98A0528. MILLIKEN v. THE STATE.
(498 SE2d 127)

BIRDSONG, Presiding Judge.

Appellant Leonard Scott Milliken appeals his conviction of aggravated assault, kidnapping, and DUI. *Held*:

1. Appellant's contention that there is insufficient evidence to sustain his conviction of kidnapping and aggravated assault, under a *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) standard, is without merit.

On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463, 464 (1) (393

---

SE2d 737).

Appellant was contemplating suicide and visited Wal-Mart, his former place of employment. The police were called, and they put appellant in a taxicab and told the victim, the cab driver, to drive appellant home. Appellant subsequently pulled a loaded pistol on the victim and told him to take him back to Wal-Mart; appellant kept the gun pointed at appellant's head until the cab arrived at Wal-Mart. This affected the victim so badly that he did not realize that he was "headed back to Wal-Mart." The pointed gun made the victim nervous; he "didn't know what time [appellant] was going to pull the trigger." The victim testified that he took appellant back to Wal-Mart "[b]ecause [he] was looking down a gun that had bullets all the way around, blunt bullets." He would not have taken appellant to Wal-Mart if the gun had not been pointed at his head. (Note: Upon his return to Wal-Mart appellant eventually drove away in his own car and was apprehended. Following his apprehension, a sample of appellant's blood was drawn at the hospital; the State Crime Lab tested the sample and found it had a blood-alcohol content of 0.14 grams percent ethyl alcohol.)

Review of the transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offenses of DUI and kidnapping of which he was found guilty. *Jackson v. Virginia*, supra. (Note: The trial court merged the aggravated assault conviction, Count 3, into the kidnapping conviction, Count 4. See generally *Herring v. State*, 224 Ga. App. 809, 815 (6) (481 SE2d 842); compare *Gober v. State*, 203 Ga. App. 5, 8 (8) (416 SE2d 292) with *Heard v. State*, 170 Ga. App. 130, 132 (4) (316 SE2d 504). Appellant does not enumerate this merger as error.)

2. Appellant enumerates that "[t]he lower court's denial of appellant's amended motion for new trial alleging ineffective assistance of trial counsel for trial counsel's failure to request a jury charge on false imprisonment, the lesser included offense of kidnaping, was error."

(a) Appellant has not enumerated that the trial court erred by failing *to charge* the jury that false imprisonment was a lesser included offense of kidnapping. Accordingly, this issue has not been preserved for appellate review. *Krebsbach v. State*, 209 Ga. App. 474, 475 (2) (433 SE2d 649); accord *Unden v. State*, 218 Ga. App. 463, 466 (5) (462 SE2d 408). Rather, the issue here before us is whether the trial court erred in denying appellant's amended motion for new trial because appellant's trial counsel was inadequate in failing to request a charge that false imprisonment was a lesser included offense of the kidnapping charge. The issue preserved on appeal is not tantamount to the enumeration of an instructional error.

(b) A trial court does not commit reversible error in denying a

motion for new trial where, as in this case, "there exists the requisite evidence to support the verdict within the meaning of *Jackson v. Virginia*, supra, and no reversible error otherwise has been committed." *Palmore v. State*, 213 Ga. App. 140, 141 (2) (444 SE2d 581). In such cases the verdict will stand.

To sustain a claim of inadequacy of counsel, appellant must satisfy the two-prong test of *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674). Appellant's trial counsel testified at the motion for new trial hearing that he was aware that false imprisonment might be a lesser included offense of kidnapping and that appellant might be entitled to a charge to that effect, but a decision had been made that this "was not an alternative that [the defense] wanted to use." This decision was based on a number of tactical reasons. Tactically the requesting of the lesser included offense charge "would have essentially guaranteed a conviction in our mind . . . on that misdemeanor charge as opposed to an all or nothing kidnaping acquittal or conviction." Further, the defense "had reason to believe that the primary witness against [appellant] on the kidnaping . . . , the taxi driver . . . would either recant his testimony or would fail to show or might even die before trial." Part of the trial strategy was that there existed a possibility that appellant could be acquitted on the kidnapping charge, but on a lesser included charge, it was perceived that the jury would have selected that charge. Moreover, trial counsel believed the false imprisonment charge was not going to be supported by the evidence because "asportation was pretty much going to be proved." Although trial counsel could not recall having a conversation with appellant, after appellant testified, regarding whether to make a belated request for the lesser included offense charge, trial counsel did speak with his assisting counsel who recalled discussing with appellant before trial the issue of asportation and "the potential of the lesser included" offense charge.

To prevail on a claim of inadequacy of counsel, appellant has the burden of showing that counsel's performance was deficient and that the deficient performance prejudiced the defense by creating a reasonable probability of a different outcome but for counsel's errors; an appellate court evaluates counsel's performance from his perspective at trial time. *Rucker v. State*, 268 Ga. 406, 407 (2) (489 SE2d 844). Counsel's decision as to which theory of defense to pursue is a matter of strategy and tactics; and, as a general rule, matters of tactics and strategy, "whether 'wise or unwise,' [do] not amount to ineffective assistance of counsel." *Berry v. State*, 267 Ga. 476, 482 (4) (i) (480 SE2d 32). Moreover, there is no evidence that the election not to request a lesser included offense charge was due to inexperience or lack of preparation; rather, the hearing transcript establishes that the charge was not requested due to an informed strategic choice by

trial counsel. Compare *Van Alstine v. State*, 263 Ga. 1, 4 (426 SE2d 360). *Hill v. State*, 228 Ga. App. 362 (492 SE2d 5) is distinguishable from the case at bar. The trial court found that appellant's counsel did not render ineffective assistance of counsel but "made a strategic decision not to request a jury charge on false imprisonment based on his determination that the element of asportation was supported by the evidence and his client would be better served by following an all-or-nothing tactic in defense of the kidnaping charge." "A trial court's finding that a defendant has not been denied effective assistance of counsel will be affirmed unless clearly erroneous and the defendant must overcome the strong presumption that trial counsel's conduct falls within the wide range of reasonable professional conduct." *Kelly v. State*, 267 Ga. 252, 253 (2) (477 SE2d 110). The trial court's findings in this case also were supported by the presumption that in the absence of contrary evidence, counsel's actions are presumed strategic in nature. *Adams v. State*, 217 Ga. App. 532, 533 (2) (458 SE2d 171), citing *Earnest v. State*, 262 Ga. 494, 496-497 (422 SE2d 188); *Stanley v. Zant*, 697 F2d 955 (11th Cir. 1983), cert. denied, 467 U. S. 1219 (104 SC 2667, 81 LE2d 372) (1984). (Neither this rebuttable presumption nor the validity of the trial court's finding is overcome merely by any misapprehension of trial counsel that false imprisonment in violation of OCGA § 16-5-41 constitutes a misdemeanor offense. Appellant's trial counsel would even be more apt to elect to pursue an all or nothing defense knowing that the punishment for false imprisonment is "for not less than one nor more than ten years." OCGA § 16-5-41 (b).) As the findings of the trial court are not clearly erroneous, the findings are affirmed. *Kelly*, supra. Appellant's enumeration that the trial court erred in denying his motion for new trial is without merit.

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED FEBRUARY 26, 1998

*Rosemary M. Hathaway, Debra G. McDonald*, for appellant.
*Harry N. Gordon, District Attorney, Henry R. Thompson, Assistant District Attorney*, for appellee.