### A99A0926. GRIFFIN v. THE STATE.
(516 SE2d 328)

ELDRIDGE, Judge.

Defendant Charles Griffin, Jr. appeals the trial court's denial of his motion for new trial following his jury trial, which resulted in a conviction on two counts of aggravated assault and two counts of terroristic threats. We affirm the trial court's order.

Viewed in a light most favorable to the verdict,[1] the evidence showed that, in the early morning hours of November 9, 1997, one of the two victims, Jessie Brown, was driving a car in which Debbie Williams and a third woman were passengers. Pursuant to Griffin's request, Brown went to another individual's home to pick up Griffin. After the women picked up Griffin, Griffin and Brown argued, and Griffin "popped" open a knife, with which he threatened to "cut [Brown's] throat." When Williams intervened, he leaned over the front seat and made similar threats to her. As soon as Brown arrived at Williams' father's home to drop off the two female passengers, Williams and the other passenger went inside and called 911. Two police officers arrived and questioned all four individuals. After talking to Griffin, the officers found a knife in the front passenger seat of the car. Griffin was arrested and taken to jail.

A jury trial was conducted on April 27-28, 1998. At trial, Brown testified that Griffin had not threatened her or pulled a knife on her, and that she was not fearful for her life at the time of the incident. She also testified that Griffin had not threatened Williams. However, both female passengers testified that Griffin had, in fact, threatened

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Grant v. State*, 195 Ga. App. 463, 464 (393 SE2d 737) (1990).

Brown and Williams with a knife that night and that Brown was "scared" of Griffin. In fact, Williams testified that Brown, who does not read or write, asked her to write out a statement for the police affirming that Griffin had threatened her with a knife.

One of the investigating officers, Officer Byers, testified for the State. He stated that Brown was "uneasy"; Brown reported that Griffin had threatened to "cut her throat." However, Officer Tumlin did not testify, having been excused by the State as a witness. The jury subsequently convicted Griffin on all four counts, and the trial court sentenced him to the maximum penalty for the crimes, due to Griffin's status as a recidivist.

Griffin filed a motion for new trial asserting, inter alia, that he was denied effective assistance of counsel and that the evidence was insufficient to support the verdict. The trial court denied the motion, and Griffin appeals. *Held*:

1. In his first enumeration of error, Griffin asserts that trial counsel was ineffective for failing to subpoena Officer Tumlin as a witness for the defense. We disagree.

> To prevail on a claim of inadequacy of counsel, appellant has the burden of showing that counsel's performance was deficient and that the deficient performance prejudiced the defense by creating a reasonable probability of a different outcome but for counsel's errors; an appellate court evaluates counsel's performance from [her] perspective at trial time. *Rucker v. State*, 268 Ga. 406, 407 (2) (489 SE2d 844) [(1997)]. . . . "A trial court's finding that a defendant has not been denied effective assistance of counsel will be affirmed unless clearly erroneous and the defendant must overcome the strong presumption that trial counsel's conduct falls within the wide range of reasonable professional conduct." *Kelly v. State*, 267 Ga. 252, 253 (2) (477 SE2d 110) [(1996)].

*Milliken v. State*, 230 Ga. App. 810, 812-813 (498 SE2d 127) (1998). See also *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984); *Smith v. State*, 256 Ga. 483 (351 SE2d 641) (1986); *Adefenwa v. State*, 221 Ga. App. 429 (471 SE2d 900) (1996).

During the hearing on Griffin's motion for new trial, counsel testified that she did not subpoena Officer Tumlin because he was included on the State's list of witnesses. Based on the list, she testified that she planned to cross-examine the officer and that she believed the officer's testimony on cross-examination would "bolster" Brown's trial testimony, which was generally favorable to the defendant. However, prior to trial, the State excused Officer Tumlin from

testifying. When trial counsel found out that Officer Tumlin was not present for trial, she requested a continuance so that she could subpoena the witness. After counsel admitted that she had not already subpoenaed the officer, the trial court denied the request for continuance.

Officer Tumlin then testified at the motion hearing and testified that, during his investigation, Brown initially told him that she did not feel that her life was threatened. However, Officer Tumlin also testified that Brown subsequently told him that Griffin had threatened to cut her throat and that he possessed a knife at that time. Officer Tumlin testified that Brown was "hesitant [about whether] she really wanted to tell me or not"; that she kept looking toward Griffin, who was seated in the patrol car; and that she was upset and "despondent."

Based on this testimony, the trial court found that, regardless of whether counsel's failure to subpoena Officer Tumlin amounted to ineffective assistance, his presence at trial would not have changed the outcome of the case. The trial court reasoned that the officer's testimony actually appeared to be "damaging to the defendant's case" and was more corroborative of the State's witnesses than of Brown's testimony.

After reviewing the transcripts of both the trial and motion hearing, this Court finds that the trial court's finding was supported by the evidence and, therefore, was not clearly erroneous.

2. In his second enumeration, Griffin asserts that the evidence presented at trial was insufficient to support his conviction. However, on appeal, the "appellant no longer enjoys a presumption of innocence; moreover, on appeal this court determines evidence sufficiency, and does not weigh the evidence or determine witness credibility. [Cits.]" *Grant v. State*, supra at 464. See also *Jackson v. Virginia*, supra. In evaluating the sufficiency of the evidence, "the relevant question is whether . . . *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. [Cit.]" (Emphasis in original.) Id. at 319. In this case, the evidence presented was sufficient to support Griffin's conviction.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED APRIL 12, 1999.

*Emmett J. Arnold IV*, for appellant.

*Robert E. Keller, District Attorney, Verda Andrews-Stroud, Assistant District Attorney*, for appellee.