### A02A2479. MILLIKEN v. THE STATE.
(575 SE2d 910)

ELDRIDGE, Judge.

In 1997, a Clarke County jury found Leonard Scott Milliken guilty of two counts of reckless conduct, one count of kidnapping, and one count of DUI. He was appointed appellate counsel, and a notice of appeal, enumerations of error, and supporting brief were filed in this Court. The enumerations of error included a claim of ineffective assistance of trial counsel, and no claim was raised regarding a violation of OCGA § 17-8-57, re: an improper expression of opinion by the trial court. On February 26, 1998, Milliken's claims of error were addressed on the merits by this Court, and his conviction and sentence were affirmed.[1]

Thereafter, Milliken obtained another attorney, and, on February 22, 1999, a petition for writ of habeas corpus was filed in the Superior Court of Chatham County,[2] claiming, inter alia, ineffective assistance of appellate counsel for failure to include in the appeal before this Court that trial counsel was ineffective for not objecting to

---

[1] *Milliken v. State*, 230 Ga. App. 810 (498 SE2d 127) (1998).

[2] Case No. CV99-0733, Superior Court of Chatham County.

the trial court's comments pursuant to OCGA § 17-8-57. A hearing was held with regard to the allegations of the petition, and the habeas court determined that OCGA § 17-8-57 had been violated by the trial court's comments; that Milliken's trial was affected thereby; that trial counsel should have objected to such judicial comments; and that, consequently, appellate counsel was ineffective for failing to raise a claim of ineffective assistance of trial counsel based on the fact that trial counsel did not object to the judge's comments pursuant to OCGA § 17-8-57.

The habeas court then determined that, in granting the Great Writ, the remedy was not to order a new trial, but to order an out-of-time appeal to this Court in order for us to review — de novo — an ineffective assistance of trial counsel claim for failure to object to judicial expressions in violation of OCGA § 17-8-57. This, although the habeas court had already determined on the merits that such violation did occur and that trial counsel was ineffective for failing to object to it. Therefore, instead of the State filing an appeal in the Supreme Court of Georgia to secure review of the habeas court's findings of facts and conclusions of law in granting the writ, a *second* direct appeal of Milliken's conviction and sentence has been filed in this Court based upon the habeas court's order for an out-of-time appeal. *Held*:

An out-of-time appeal is a judicial creation that serves as the remedy for a frustrated right of appeal.

> It is the means by which a criminal defendant who lost his right to direct appeal of his criminal conviction due to counsel's negligence, ignorance, or misinterpretation of the law may gain that appellate review. . . . Due to the very nature of an out-of-time appeal, it is not a remedy available to a criminal defendant whose conviction has been reviewed by an appellate court on direct appeal since that defendant is not entitled to a second direct appeal from his judgment of conviction.[3]

Accordingly, this second direct appeal from Milliken's Clarke County conviction and sentence will not lie.

Moreover, the habeas court in Chatham County has no jurisdiction to authorize an out-of-time appeal in the Superior Court of Clarke County, and, as a consequence, confer jurisdiction upon this Court to hear such out-of-time appeal. Thus, the habeas court's order was void ab initio as an unauthorized exercise of authority.

---

[3] (Citations omitted.) *Richards v. State*, 275 Ga. 190, 191 (563 SE2d 856) (2002); *Grant v. State*, 159 Ga. App. 2, 3 (282 SE2d 668) (1981).

In addition, after an out-of-time appeal is granted, an ineffective assistance of counsel claim must be raised pursuant to a motion for new trial in the court below in order to raise such claim at the "earliest practicable moment" and secure testimony, as well as an appealable ruling thereon.[4] Here, even if the habeas court's order for an out-of-time appeal was not void as exceeding the authority of such court, no action was taken to pursue Milliken's claim of ineffective assistance of counsel and secure an appealable ruling in Clarke County. The grant of an out-of-time appeal constitutes permission to pursue the post-conviction remedy of a new trial.[5] Milliken's failure to file a motion for new trial raising the claim of ineffective assistance of trial counsel bars review of that claim on appeal.[6]

Finally, "[a]s nomenclature is not dispositive of the type motion made, we will consider the content of the motion."[7] In so doing, it is clear that this appeal, in actuality, calls for a review of the judgment of the habeas court in granting the writ of habeas corpus based upon what that court determined was a violation of OCGA § 17-8-57. The Supreme Court of Georgia has exclusive jurisdiction over habeas cases.[8] As such, this Court has no jurisdiction to consider the merits of the instant appeal.

With no expression as to the merits of Milliken's claims or the Superior Court of Chatham County's findings with regard thereto, we recognize that the habeas court determined Milliken is entitled to relief and that the relief ordered is unavailable. Accordingly, we remand this case to the Superior Court of Chatham County for such court to order Milliken a new trial based on its original findings, with the right in the State to appeal to the Supreme Court of Georgia from the ensuing order.

*Appeal dismissed and case remanded. Smith, C. J., and Ellington, J., concur.*

DECIDED JANUARY 9, 2003.

*Thomas M. West*, for appellant.
*Kenneth W. Mauldin, District Attorney, Christopher T. Anderson,*

---

[4] *Ponder v. State*, 260 Ga. 840, 841 (1) (400 SE2d 922) (1991).
[5] Id. at 840.
[6] *Chatman v. State*, 265 Ga. 177, 178 (2) (453 SE2d 694) (1995).
[7] *Grant v. State*, supra at 3.
[8] OCGA § 9-14-52; *Fullwood v. Sivley*, 271 Ga. 248, 249 (517 SE2d 511) (1999).

*Assistant District Attorney, Thurbert E. Baker, Attorney General, Wylencia H. Monroe, Assistant Attorney General*, for appellee.