S03A0159. MILLIKEN v. STEWART.

(583 SE2d 30)

BENHAM, Justice.

After Milliken's convictions for kidnapping, reckless conduct, and DUI were affirmed by the Court of Appeals (*Milliken v. State,* 230 Ga. App. 810 (498 SE2d 127) (1998)) and this Court denied his petition for a writ of certiorari, he filed a petition for a writ of habeas corpus asserting, among other things, that the trial court violated OCGA § 17-8-57[1] and that trial and appellate counsel were ineffective in failing to raise the error. Rejecting his other grounds for relief, the habeas corpus court found that the trial court violated OCGA § 17-8-57 and that the failure of appellate counsel to raise the issue on appeal constituted ineffectiveness. The habeas corpus court then held that the proper remedy for being denied an effective appeal was another appeal. Milliken filed an appeal in the Court of Appeals and also sought to appeal the habeas court's order to this Court. We granted the application for a certificate of probable cause to address the propriety of the remedy. Meanwhile, the Court of Appeals considered the appeal ordered by the habeas corpus court and dismissed it, holding that there can be no second appeal; that the habeas corpus court had no authority to grant an out-of-time appeal in another county; that since Milliken did not file a motion for new trial after the grant of the out-of-time appeal, the issue of ineffectiveness of counsel was barred on appeal; and that the appeal actually calls for a

---

[1] It is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused. Should any judge violate this Code section, the violation shall be held by the Supreme Court or Court of Appeals to be error and the decision in the case reversed, and a new trial granted in the court below with such directions as the Supreme Court or Court of Appeals may lawfully give. OCGA § 17-8-57.

review of the habeas corpus court's judgment, which is done exclusively in the Supreme Court. *Milliken v. State*, 259 Ga. App. 144 (575 SE2d 910) (2003).[2]

We agree with Milliken and the Court of Appeals that the habeas corpus court erred in ordering a new appeal which would only require the same analysis the habeas corpus court has already conducted. In considering the prejudice prong of the test for ineffectiveness enunciated in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), the habeas corpus court found the trial court's questioning and remarks to violate OCGA § 17-8-57 and that the error could not be deemed harmless. Notwithstanding that analysis, the habeas corpus court relied on dicta in *Morgan v. Zant*, 743 F2d 775 (11th Cir. 1984) (overruled on other grounds, *Peek v. Kemp*, 784 F2d 1479 (11th Cir. 1986)), and held that the only remedy was a new appeal.

However, "a criminal defendant whose conviction has been reviewed by an appellate court on direct appeal . . . is not entitled to a second direct appeal from his judgment of conviction." *Richards v. State*, 275 Ga. 190, 191 (563 SE2d 856) (2002) (quoted by the Court of Appeals in *Milliken v. State*, supra, 259 Ga. App. at 145). Both the legal principle quoted above from *Richards* and considerations of judicial economy dictate that the habeas corpus court is the appropriate judicial entity to consider both the ineffective assistance of counsel claim and the underlying and connected trial error, and to determine whether the habeas corpus petitioner is entitled to a new trial. "When the issue is one that could not have been raised in the prior, perfected direct appeal, i.e., ineffective assistance of appellate counsel, a petition for Writ of Habeas Corpus is the proper vehicle to utilize for the development of a record and subsequent review of the substantive claim. [Cit.]" *Boney v. State*, 236 Ga. App. 179, 180 (510 SE2d 892) (1999). In the present case, the habeas corpus court not only reviewed the claim of ineffective assistance of appellate counsel, but also resolved in Milliken's favor the underlying substantive claim of error. In ordering a second appeal, the habeas corpus court would require another judicial entity to undertake exactly the same analysis which had just been accomplished. Not only would such a procedure be wasteful of judicial resources, it would have the potential, realized in this case, of presenting an appellate court with a task not properly within its jurisdiction. Since the habeas corpus court had already decided that the trial court violated OCGA § 17-8-57, an appeal to the Court of Appeals raising that issue would implicitly

---

[2] The correctness of the holdings of the Court of Appeals in that decision is not before this Court for review in the present appeal.

require that court to review the decision of a habeas corpus court, a task which is assigned to this Court, as the Court of Appeals correctly noted in rejecting the out-of-time appeal in this case. *Milliken v. State*, supra, 259 Ga. App. at 146.

We conclude, therefore, that the habeas corpus court erred in ordering a new appeal for Milliken. The proper remedy would have been to order a new trial. Consequently, we reverse the judgment of the habeas corpus court and remand the case for entry of an order granting Milliken a new trial. That order will be subject to appeal by the State. OCGA § 9-14-52 (c).

*Judgment reversed and case remanded with direction. All the Justices concur.*

DECIDED JUNE 30, 2003.

*Thomas M. West*, for appellant.

*Thurbert E. Baker, Attorney General, Wylencia H. Monroe, Assistant Attorney General*, for appellee.