## A04A1782. WHEELER v. THE STATE.
(606 SE2d 612)

MILLER, Judge.

James Wheeler, convicted of armed robbery, appeals from a life sentence, arguing that the trial court wrongly classified him as a recidivist offender. We agree that the State failed to provide evidence of that status. We must therefore remand this case to the trial court for a resentencing hearing.

Before Wheeler's trial, the State filed a notice that it was seeking recidivist punishment under OCGA § 17-10-7 (a) in light of his previous Florida conviction for grand theft, but did not attach a copy of that conviction to the notice. Wheeler was served with the notice. At trial, Wheeler was found guilty of three counts of armed robbery and one count of theft by receiving. At the sentencing hearing, the State apparently provided the trial court and defense counsel with a certified copy of the Florida conviction, although no such copy appears anywhere in the record. After noting that it had no discretion in the matter, the trial court sentenced Wheeler to life in prison. On appeal, Wheeler argues that the trial court erred when it sentenced him under OCGA § 17-10-7 (a) because the State failed to prove (1) that the predicate Florida offense would have constituted a felony in Georgia; (2) that Wheeler was actually sentenced to serve time in a Florida prison; and (3) that Wheeler was not a first offender who successfully completed parole there. Wheeler also argues that the trial court erred when it assumed that it had no discretion in sentencing.

1. In order to obtain a recidivist sentence under OCGA § 17-10-7 (a), the State must give the defendant "clear notice" before trial of its intention to seek such a sentence. *Richardson v. State*, 256 Ga. App. 30, 33 (3) (567 SE2d 693) (2002) (sufficient notice where counsel acknowledges pre-trial conversation between trial court and State on recidivist-sentencing issue); see also *Herrington v. State*, 243 Ga. App. 265, 267 (4) (533 SE2d 133) (2000) (sufficient notice where copy of prior conviction attached to notice of intent to introduce similar transactions). The State must also prove that the prior conviction was for a crime "which if committed within this state would be a felony."

OCGA § 17-10-7 (a); see *Woodson v. State*, 242 Ga. App. 67, 70 (4) (530 SE2d 2) (2000) (certified copies of convictions alone are insufficient to prove that Alabama offenses would have been felonies in Georgia).

This case illustrates the dangers of proceeding to recidivist sentencing without substantial compliance with the above rule. Here, the State notified Wheeler of its intent to seek a recidivist sentence, but did so without attaching a certified copy of the Florida conviction, and neither the parties nor the court insisted on including such a copy in the record at the sentencing hearing or at any time afterward. The result is that we cannot uphold this sentence without parsing the conversation of the trial court and counsel at the sentencing hearing to determine whether the document passing from counsel to court and back was a copy of the conviction itself, an order of probation, or some other evidence of Wheeler's Florida offense.

Without the opportunity to inspect a certified copy of the Florida conviction, we are unable to determine whether Wheeler was properly sentenced under OCGA § 17-10-7 (a). At this preliminary stage, we note only that (1) the Florida sentence was apparently for probation alone, meaning that Wheeler was not "sentenced to confinement in a penal institution," as the statute requires; (2) the State produced no evidence that the acts giving rise to the Florida conviction for grand theft would have sufficed to obtain a Georgia felony conviction; and (3) a first offender's guilty or nolo contendere plea does not alone constitute a conviction for sentencing purposes. See OCGA § 17-10-7 (a); *Woodson*, supra, 242 Ga. App. at 70 (4) (copies of out-of-state convictions insufficient to prove defendant's status as recidivist felon under Georgia law); *Davis v. State*, 273 Ga. 14, 15-16 (537 SE2d 663) (2000) (where first-offense probation fulfilled or not revoked, offense cannot be used for purposes of recidivist sentencing); *Scott v. State*, 216 Ga. App. 692, 694-695 (4) (455 SE2d 609) (1995) (prior guilty plea inadmissible as evidence of recidivism when defendant received and successfully completed first-offense probation).

Thus we vacate Wheeler's sentence under the recidivism statute and remand this case to the trial court for a resentencing hearing.

2. In light of this disposition, we find it unnecessary to reach Wheeler's other enumeration of error.

*Judgment vacated and case remanded for resentencing. Andrews, P. J., and Ellington, J., concur.*

DECIDED NOVEMBER 8, 2004.

*Summer & Summer, Chandelle T. Summer*, for appellant.

*Jason J. Deal, District Attorney, John A. Warr, Assistant District Attorney,* for appellee.