# Court of Appeals
# of the State of Georgia

ATLANTA,___May 16, 2016_____

*The Court of Appeals hereby passes the following order:*

**A16A1597. NELSON ALLEN HOOKS v. THE STATE.**

A jury found Nelson Allen Hooks guilty of kidnapping, aggravated battery, robbery and theft by taking, and his convictions were affirmed on appeal. See *Hooks v. State*, (Case Number A91A1196, decided Oct. 28, 1991). In 2012, Hooks filed a motion to correct a void sentence, arguing that his sentence for kidnapping was void under *Garza v. State*, 284 Ga. 696 (670 SE2d 73) (2008), which redefined the asportation element of kidnapping. Hooks apparently did not receive a copy of the trial court's order denying his motion, and he filed a motion for out-of-time appeal. The trial court granted the motion, and Hooks filed this direct appeal.

As a threshold matter, "[a]n out-of-time appeal is a judicial creation that serves as the remedy for a frustrated right of appeal. . . . [I]t is not a remedy available to a criminal defendant whose conviction has been reviewed by an appellate court on direct appeal since that defendant is not entitled to a second direct appeal from his judgment of conviction." *Milliken v. State*, 259 Ga. App. 144, 145 (575 SE2d 910) (2003) (punctuation and footnote omitted). Since Hooks has already had multiple appeals, he is not entitled to another appeal simply because the trial court purported to grant an out-of-time appeal.[1]

Although a defendant may seek a direct appeal from an order denying or dismissing a motion to correct a void sentence, such appeal is proper only if the

---

[1] In addition to the appeal from his convictions, Hooks filed a direct appeal from orders denying his motion to correct the record and his extraordinary motion for new trial. See *Hooks v. State*, 210 Ga. App. 171 (435 SE2d 617) (1993).

defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper v. State*, 286 Ga. 216, n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). A sentence is void only when the trial court imposes punishment that the law does not allow. See *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002).

Here, Hook argues that, under *Garza*, he should not be found guilty of kidnapping. This is a challenge to his conviction rather than his sentence. And the Supreme Court has made clear that a motion seeking to challenge an allegedly invalid or void judgment of conviction "is not one of the established procedures for challenging the validity of a judgment in a criminal case." *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010). Because Hooks is not authorized to collaterally attack his conviction in this manner, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
　　　*Clerk's Office, Atlanta,*＿＿＿05/16/2016＿＿＿
　　　*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
　　　*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿, *Clerk.*