**FOURTH DIVISION**
**DOYLE, P. J.,**
**COOMER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be**
*physically received* **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 4, 2020**

# In the Court of Appeals of Georgia

A19A2294. PRUITT v. THE STATE.

COOMER, Judge.

In March 2018, Christopher Pruitt was convicted of fleeing and attempting to elude an officer, obstruction or hindering law enforcement, reckless driving, driving while license suspended or revoked, four counts of failure to obey a stop sign, obstruction or hindering law enforcement, and criminal trespass. Following the denial of his motion for new trial, Pruitt filed a timely notice of appeal. On appeal, Pruitt asserts that the trial court erred in imposing a recidivist sentence on fleeing and attempting to elude, and that he was improperly excluded from bench conferences during trial. Finding no error, we affirm.

Pruitt does not challenge the sufficiency of the evidence against him, and raises two procedural issues that occurred below. We will address each in turn.

1. Pruitt argues that the trial court erred in sentencing him as a recidivist on fleeing and eluding.[1] We disagree.

Pruitt's claim of error stems from a colloquy between the trial court and the State that occurred prior to trial. During the exchange, the trial court asked the prosecutor if there were any recidivist counts in the indictment. The prosecutor responded that there were no recidivist counts. Pruitt maintains that the State's response that there were no recidivist counts should have precluded the State from seeking and imposing recidivist punishment at sentencing following his convictions.

"[W]hether a defendant was properly sentenced as a recidivist under OCGA § 17-10-7 is subject to de novo review." *Nordahl v. State*, 344 Ga. App. 686, 688 (811 SE2d 465) (2018) (footnote omitted).

We first note that the State's response to the trial court's question was correct. Under some circumstances, not present here, the State is required to provide notice in the indictment if it seeks recidivism on a particular count. See generally *Wainwright v. State*, 208 Ga. App. 777, 778-779 (2) (a) (432 SE2d 555) (1993);

---

[1] Count 2, fleeing and eluding, was the only felony the jury convicted Pruitt of, and the only count on which the State sought to impose recidivist punishment.

*Nordahl*, 344 Ga. App. at 690-691 (1). The indictment here does not reflect that there were any recidivist counts.

Assuming, arguendo, in an interpretation favorable to Pruitt, that the State meant that it was not intending to seek recidivist punishment at all, Pruitt's claim still fails. "In order to obtain a recidivist sentence under OCGA § 17-10-7 (a), the State must give the defendant 'clear notice' before trial of its intention to seek such a sentence." *Wheeler v. State*, 270 Ga. App. 363, 363 (1) (606 SE2d 612) (2004) (citations omitted). In October 2017, approximately five months prior to trial, the State served Pruitt's counsel with a "notice of intent to ask for sentencing under O.C.G.A. § 17-10-7." At sentencing, Pruitt's counsel acknowledged the notice and confirmed that he had received it. He did not claim any deficiency in the notice, that he was surprised by the use of the convictions, or mention the pretrial colloquy with the State. He made no objection to the imposition of recidivism punishment and affirmatively agreed that Pruitt met the qualifications to be sentenced as a recidivist. Pruitt's counsel merely argued that the trial court should sentence Pruitt to serve less than five years on the felony count and run all of the misdemeanors concurrent.

Because the State provided adequate notice to Pruitt, and counsel chose to move forward at sentencing without making any objection, the trial court did not err

3

in sentencing Pruitt as a recidivist. See *Williams v. State*, 162 Ga. App. 120, 120 (2) (290 SE2d 341) (1982) ("[I]f appellant were of the belief that such notice [of prior convictions to be used in aggravation of punishment] was insufficient to prevent the use of his prior convictions from constituting a 'surprise', a motion for a continuance premised upon such grounds should have been made."); *Frey v. State*, 338 Ga. App. 583, 586-587 (3) (790 SE2d 835) (2016) (Defendant waived appellate review of argument that trial court erred by sentencing him as a recidivist, where defendant did not object in trial court on grounds that he attempted to raise on appeal).

2. Pruitt next argues that the trial court erred when it failed to include him in bench conferences and also failed to place on the record that he had waived his right to be present at these bench conferences. We again disagree.

> Embodied within the constitutional right to the courts is a criminal defendant's right to be present and see and hear all the proceedings which are had against him on the trial before the court. This right attaches at any stage of a criminal proceeding that is critical to its outcome if the defendant's presence would contribute to the fairness of the procedure. However, it does not extend to situations where the defendant's presence would be useless – for example, during bench conferences dealing with logistical or procedural matters or questions of law about which a defendant presumably has no knowledge. Because a defendant's presence at bench conferences dealing with such topics

4

bears no relation, reasonably substantial, to the fullness of his opportunity to defend against the charge, his right to be present is not violated by his absence from such bench conferences.

*Johnson v. State*, 347 Ga. App. 831, 832 (1) (821 SE2d 76) (2018) (citations and punctuation omitted).

Pruitt contends that he was improperly excluded from four bench conferences that occurred at trial. The first occurred before jury selection began, when the State informed the trial court that it would not be proceeding on a burglary count in the indictment. After the conclusion of the bench conference, the trial court announced that "[w]e can take Count 1 out" and then had a discussion with counsel for both parties in open court about how to explain that to the jury panel. Pruitt has cited no authority, and we have found none, that stands for the proposition that Pruitt had the right to be present at a bench conference where the State elected not to prosecute one of the counts against him. See *Smith v. State*, 319 Ga. App. 590, 596 (6) (737 SE2d 700) (2013) (Defendant's presence at the bench was not necessary to "defend against the charges," and did not cause him "to lose or waive any right or defense.")

The second conference from which Pruitt contends he was improperly excluded was a discussion about the trial court's calendar pertaining to the next case to be tried.

Again, Pruitt did not have a right to be present at this conference. See generally *Heywood v. State*, 292 Ga. 771, 774 (3) (743 SE2d 12) (2013) (defendant has no right to be present at bench conferences that involve logistical and procedural matters).

At the third conference, the parties agreed to excuse a potential juror who was an employee of the District Attorney's office. The trial court then announced in open court, in the presence of Pruitt, that the juror had been excused because she was employed by the District Attorney's Office.

The last conference at issue took place at the end of voir dire. During the bench conference, the jury was selected by the silent method. Immediately following the bench conference, the trial court announced in open court the names of the selected jurors.

As to the two conferences that affected the jury composition, Pruitt correctly asserts that he had the right to be present. See *Williams v. State*, 300 Ga. 161, 165 (3) (794 SE2d 127) (2016)*; Burney v. State*, 299 Ga. 813, 819 (3) (b) (792 SE2d 354) (right to be present extends to proceedings at which jury composition is addressed); *Zamora v. State*, 291 Ga. 512, 518 (7) (b) (731 SE2d 658) (2012) (accord).

> However, the fact that the right [to be present] existed in these circumstances does not end the analysis, as a defendant is free to waive

6

this right, either personally or by counsel. For a waiver by counsel to be binding on the defendant, it must be made either at the defendant's express direction or in open court in the defendant's presence; if it is not, however, the waiver may be subsequently made effective by the defendant's acquiescence. Acquiescence, which is a tacit consent to acts or conditions, may occur when counsel makes no objection and a defendant remains silent after he or she is made aware of the proceedings occurring in his or her absence.

*Williams,* 300 Ga. at 165–166 (3) (citations and punctuation omitted).

Pruitt bears the burden of showing that he was denied the right to be present at bench conferences, while the State bears the burden of showing that Pruitt waived that right. *Gillespie v. State*, 333 Ga. App. 565, 572(2) (a) (774 SE2d 255) (2015).

In both instances in which Pruitt had the right to be present, he clearly acquiesced to his absence at the bench conferences. Pruitt was present in the courtroom while the bench conferences occurred and, though he may not have been privy to each discussion, he was present during the trial court's announcements after each one. At the time, thus, Pruitt was not only aware that he had been excluded from participation in the bench conferences, but also informed as to the nature of the decisions that were made outside his presence. Pruitt never made any objection, and in remaining silent in the face of this knowledge, Pruitt acquiesced to his absence

7

from the bench conferences. See *Heywood*, 292 Ga. at 775 (3) (Where the trial judge advised those in the courtroom, including Appellant, about the topic of a bench conference, Appellant's failure to voice any objection to his absence constituted acquiescence); *Zamora*, 291 Ga. at 519–520 (7) (c) (finding acquiescence where defendant was not only aware that bench conferences had taken place in his absence but was also apprised of the nature of the discussions and reason for the court's resulting dismissal of a juror); *Heath v. State*, 349 Ga. App. 84, 90–92 (3) (825 SE2d 474) (2019) (Defendant acquiesced to her absence from bench conference where counsel placed on the record in open court that two jurors had been dismissed, defendant did not express any concern about or objection to her absence, nor did she ask for more details about the matter.).

Pruitt also argues that he was unaware of his right to be present at the bench conferences; he therefore did not make an informed choice to not attend them. However, he cites no authority to support his argument that a defendant who is represented by counsel must have actual knowledge of their right to be present in order to waive it. In *Ward v. State*, 288 Ga. 641, 646 (4) (706 SE2d 430) (2011), the Supreme Court of Georgia held that "[s]ince appellants were not informed of the ex parte excusal of the juror, they could not knowingly acquiesce to the waiver on the

part of their attorneys." Acquiescence "means a tacit consent to acts or conditions, and implies a knowledge of those things which are acquiesced in. One cannot acquiesce in a wrong while ignorant that it had been committed." Id.

Here, after seeing that these bench conferences took place and hearing the trial court's summation after each one, Pruitt remained silent. He therefore acquiesced to his absence with knowledge that the bench conferences had been conducted outside of his presence. Accordingly, this enumeration is without merit, and Pruitt's convictions and sentences are affirmed.

*Judgment affirmed. Doyle, P. J., and Markle, J., concur.*